| | | |
|---|---|---|
| **STANLEY JORDAN** | * | **NO. 2021-CA-0473** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOHN H. GIBSON AND CITY** | * | |
| **HALL CODE ENFORCEMENT** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-00186, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

LEDET, J., CONCURS IN THE RESULT

BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT

Stanley Jordan, Sr.
6072 Warrington Drive
New Orleans, LA 70122

      PRO SE PLAINTIFF/APPELLANT

Kimlin S. Lee
Donesia D. Turner
Churita H. Hansell
Sunni J. LeBeouf
Daniel T. Smith
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

                      **APPEAL DISMISSED**
                      **DECEMBER 15, 2021**

*SCJ*

This appeal arises from the demolition of appellant, Stanley Jordan's house in 2012. Mr. Jordan now appeals the trial court's April 6, 2020 order dismissing his suit for want of prosecution. For the reasons to follow, we dismiss the appeal as untimely.

## PROCEDURAL BACKGROUND

In January 2016, Mr. Jordan filed suit against John H. Gibson and appellee, City Hall Code Enforcement. In July and August 2016, defendants filed their respective answers to the petition.

On March 17, 2020, the City of New Orleans filed an "Ex Parte Motion to Dismiss for Want of Prosecution." The City of New Orleans asserted no steps were taken toward the prosecution or defense of the case since August 12, 2016. On April 6, 2020, the trial court signed an order dismissing the suit. Mr. Jordan was personally served with the trial court's order on April 15, 2020.

On October 13, 2020, Mr. Jordan filed a motion to set trial. On January 4, 2021, the trial court scheduled a pre-trial conference for February 10, 2021. On

1

February 11, 2021, Mr. Jordan filed a petition for appeal of the trial court's dismissal of the suit.

Thereafter, on April 6, 2021, Mr. Jordan filed his second motion to set the matter for trial. The trial court scheduled a status conference for May 21, 2021. On June 7, 2021, Mr. Jordan filed another petition for appeal.

## TIMELINESS OF APPEAL

It is well settled that a devolutive appeal may only be taken within sixty days of either: (1) the expiration of the delay for applying for a new trial, if no application has been filed timely, or (2) the date of the mailing of the notice of the court's refusal to grant a timely filed application for a new trial or judgment notwithstanding the verdict. La. C.C.P. art. 2087.

In the instant case, Mr. Jordan was served with the trial court's order dismissing the appeal on April 15, 2020. Mr. Jordan had seven days from that date, exclusive of legal holidays, to file a motion for new trial. *See* La. C.C.P. art. 1974. In consideration that Mr. Jordan did not file a timely application for new trial, he had sixty days from the expiration of the delay for applying for a new trial to file his appeal. However, Mr. Jordan did not file a petition for appeal until February 11, 2021, well past the time delay for filing a devolutive appeal. Consequently, Mr. Jordan's appeal is untimely and is hereby dismissed.

**APPEAL DISMISSED**